UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES JUSTICE AND TRAVIS WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:21-CV-01601** |
| **JEFFERSON PARISH JEFFERSON PARISH SHERIFF OFFICE, SHERIFF JOSEPH P. LOPINTO, III, DEPUTY CHASE B. MAFFEE, AND DEPUTY MICHAEL MORRISON** | |

## COMPLAINT

Plaintiffs, Charles Justice, a citizen of East Baton Rouge Parish, and Travis Williams, a resident of East Feliciana, State of Louisiana respectfully represent:

**1.**

Defendants in this action are:

A. Jefferson Parish, a political subdivision organized under the laws of the State of Louisiana and domiciled in the Parish of Jefferson, State of Louisiana, and sued here as a "person" under the provisions of 42 USC 1983;

B. Jefferson Parish Sheriff Office, a political subdivision organized under the laws of the State of Louisiana and domiciled in the Parish of Jefferson, State of Louisiana, and sued here as a "person" under the provisions of 42 USC 1983;

C. Sheriff Joseph P. Lopinto, III, upon information and belief, a major individual, a citizen of the United States and the State of Louisiana, and at all times pertinent hereto, the Sheriff

    for the Jefferson Parish Sheriff Office, Louisiana, sued herein in both his individual and personal capacities;

D. Deputy Chase B. Maffee upon information and belief, a major individual, a citizen of the United States and the State of Louisiana, and all times pertinent hereto, employed as an deputy by the Jefferson Parish Sheriff Office, and acting in such capacity as agent, employee, or servant of Defendant, Jefferson Parish Sheriff Office, and/or Defendant Sheriff Joseph P. Lopinto, III, sued in both his official and personal capacities; and

E. Deputy Michael Morrison upon information and belief, a major individual, a citizen of the United States and the State of Louisiana, and all times pertinent hereto, employed as an deputy by the Jefferson Parish Sheriff Office, and acting in such capacity as agent, employee, or servant of Defendant, Jefferson Parish Sheriff Office, and/or Defendant Sheriff Joseph P. Lopinto, III, sued in both his official and personal capacities.

**2.**

This Court has subject matter jurisdiction under 42 U.S.C. 1983.

**3.**

Venue is proper in this judicial district under 28 U.S.C. 139 because all of the parties reside in this judicial district and the acts and events alleged herein occurred in this judicial district.

**4.**

The plaintiff, Charles Justice, suffered damages from Jefferson Parish Sheriff Deputies Chase Maffee and Michael Morrison when they were subject to a false arrest and malicious prosecution for remaining after forbidden from the date of arrest, August 21, 2020, until the day of the disposition. Plaintiff, Charles Justice, was released from the parish jail on August 22, 2020.

**5.**

The plaintiff, Travis Williams suffered damages from Jefferson Parish Sheriff Deputies Chase Maffee and Michael Morrison when he was subject to a malicious prosecution for criminal trespass from the date of arrest, August 21, 2020, until the day the charges were dismissed prior to trial. A malicious prosecution claim accrues upon a favorable termination of the criminal proceeding. Plaintiff, Travis Williams, was released from the parish jail on August 22, 2020.

**6.**

On or about August 21, 2020, plaintiffs entered CVS located at 1801 Jefferson Highway, Metairie, Louisiana. Plaintiffs were repairing a person's vehicle which was located in the parking lot of CVS. The repair was completed relatively quickly; however, plaintiff, Travis Williams is diabetic and began to have a diabetic episode wherein his sugar level dropped quickly and drastically. In need of some sugar substances, plaintiff Charles Justice decided to hurry into CVS to purchase a drink and snacks for Travis. Upon entering, Charles was bombarded by an employee, unbeknownst to him was the manager, wherein she stated that since he was not wearing a mask, he would not be served. Charles attempted to explain the medical emergency and reported that he had a doctor's note allowing him to be exempt from the mask mandates. He then requested a manager. The employee walked to the back and within a few moments returned to again state he would not be served.

**7.**

Shortly thereafter, plaintiff Travis Williams, in dire need of assistance, entered the store for aid. He was also refused service and quickly exited the building in an attempt to find anything in his vehicle to consume.

8.

At all times pertinent herein, the plaintiffs were captured on CVS surveillance from the time they entered the store until their departure.

9.

Shortly after Travis exited, Charles was told by the store manager that she knew exactly how to get him out of the store due to his inability to wear a mask. She then grabbed a phone and called 911 wherein Travis overheard the manager tell the dispatcher that the plaintiffs were yielding weapons and threatening the store personnel.

10.

Terrified to move or leave the premises, Travis respectfully remained in his location and awaited the officers' arrival.

11.

On information and belief, officers Chase Maffee and Michael Morrison were dispatched the call by the manager.

12.

Upon arrival, plaintiff Charles Justice greeted the officer, displaying no behavior consistent with the allegations and attempted to inform the officer of the situation.

13.

During the investigation, it was learned that the CVS location has surveillance which covers the entirety of the store which the plaintiffs remained within view for the entirety of the subject time period. Neither plaintiffs were seen to have brandished or acted threateningly in the video. The plaintiffs explained to the officers that they were refused service during a medical emergency due to no one having a mask.

**14.**

Shortly thereafter, plaintiffs were advised that they were under arrest and their persons were seized by the officers through incarceration. The officers began to search the plaintiffs wherein their weapons were removed. During this period of time, one of the arresting deputies pointed a loaded gun, belonging to Travis Williams, at the plaintiff's head. Scared to be shot, the plaintiffs requested that the officers handle the weapons in a safe manner.

**15.**

At some point, the officer again begins to be aggressive, and ultimately dislocates the shoulder of plaintiff Travis Williams. At no point was aid provided to Travis Williams for his medical needs. Travis was forced to "pop" his shoulder back into place on his own.

**16.**

Ultimately, Defendants were reckless in the investigation of this arrest and alleged crime, leading to wrongly accusing innocent men of crimes when they knew or should have known that they did not have any right to arrest the individuals and that they had exculpatory footage of the incident.

**17.**

Defendants Chase Maffee and Michael Morrison caused damages to Plaintiffs through the defamatory arrest and bill of information by their actions during the investigation. Louisiana courts have consistently held that an action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated. *Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959); Nolan v. Jefferson Parish Hosp. Serv. Dist. No 2., 01-0175, p. 8 (La.App. 5 Cir. 6/27/01), 790 So.2d 725, 730; Ballex v. Naccari, 95-0057, p. 2 (La.App. 4 Cir. 6/7/95), 657 So.2d 511, 512; Grant v. Politz,*

*575 So.2d 915, 917 (La.App. 2 Cir.1991)*; *Thomas v. Mobley, 118 So.2d 476, 483 (La.App. 1 Cir.1960)*. See also Justice Watson's concurrence in *Union Serv. & Maint. Co., Inc. v. Powell, 393 So.2d 94, 99 (La.1980)*. This rule allows the underlying litigation to proceed in an orderly manner, without the issue of defamation present. *Ortiz v. Barriffe, 523 So.2d 896, 898 (La.App. 4 Cir.), writ denied, 531 So.2d 273 (La.1988); Calvert v. Simon, 311 So.2d 13, 17 (La.App. 4 Cir.1975)*. In this case, the criminal proceedings terminated. As a result of Defendants' delictual acts, Plaintiffs have suffered damage to their reputation, including unfair and unwarranted worldwide publication of their arrests.

**18.**

The unlawful suppression of crucial exculpatory evidence in this matter constitutes a violation of Plaintiffs' Constitutional rights, resulting in a violation of his Fourth Amendment right to be free from unreasonable search and seizure of his person, violation of his procedural due process under the Fifth Amendment, his right to be free from a prosecution not grounded in probable cause under the Fourteenth Amendment, and to be free from an officer intentionally withholding exculpatory evidence that would prevent him from being prosecuted for twenty-two months for a crime he did not commit. The Fifth Circuit has repeatedly recognized the existence of a 42 USC 1983 cause of action for a police officer's suppression of material exculpatory evidence, *Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001); Sanders v. English, 950 F.2d 1152, 1162 (5th Cir. 1992)* (finding a police officer's "deliberate failure to disclose … patently exculpatory evidence to the prosecuting attorney's office plainly exposes him to liability under 1983"); *Geter, 849 F.2d at 1559* (holding that a police officer is liable under 1983 if he "deliberately conceals exculpatory evidence, for such activity violates clearly established constitutional principles").

**19.**

At all times pertinent hereto, Chase Maffee and Michael Morrison were acting under color of authority within the meaning of 42 U.S.C. 1983 as agents, servants, or employees of the Jefferson Parish Sheriff's Office and/or Sheriff Joseph P. Lopinto, III.

**20**.

Plaintiffs specifically alleges that Defendant, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, as supervising authority, is liable for his failure to properly hire, train, supervise, and monitor the officers, and/or deputies employed by or acting as agents of the Jefferson Parish Sheriff Office.

**21**.

Plaintiffs further specifically alleges that the Jefferson Parish Sheriff's Office, sued here as a "person" under the provisions of 42 USC 1983 and other applicable statutes, is liable unto him for the acts of its agents, servants, and employees in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**22**.

The Jefferson Parish Sheriff's Office and/or Sheriff Joseph P. Lopinto, III, as the employer of Deputies Chase Maffee and Michael Morrison, are vicariously liable for all state law delicts committed by the deputies in the course and scope of their employment. Accordingly, the Jefferson Parish Sheriff's Office and/or Sheriff Joseph P. Lopinto, III, are liable for these acts.

**23**.

As a result of the above-described actions of the Defendants named herein, Plaintiffs, Charles Justice and Travis Williams, have suffered damages in the following non-exclusive particulars: loss of wages, loss of reputation, mental suffering/emotional distress, humiliation, loss

of enjoyment of life, deprivation of society with family, and deprivation of constitutionally-guaranteed rights to be free from illegal search and seizure, and malicious withholding of exculpatory evidence, all past, present, and future.

**WHEREFORE**, Plaintiffs, Charles Justice and Travis Williams, pray that the Defendants herein be served and cited with this Complaint, and after all legal delays and due proceedings had, there be judgment herein in favor of plaintiffs, and against defendants, Jefferson Parish Sheriff Office, Sheriff Joseph P. Lopinto, III, Deputy Chase Maffee and Deputy Michael Morrison, jointly, severally, and in solido, for all damages as prayed for herein, together with legal interest from the date of judicial demand, until paid; for all costs of these proceedings; for punitive and/or exemplary damages, penalties and attorney fees; and for all general and equitable relief as this Court deems fit. Plaintiff further prays for a trial by jury.

Respectfully Submitted,

**FINI LAW FIRM**

**/s/ Amira A. Makke**
Amira A Makke, #37291
Fini Law Firm
405 St. Ferdinand Street
Baton Rouge, Louisiana 70802
P: 225-444-5587
E: amira@finilawfirm.com

**SERVICE INFORMATION ON NEXT PAGE**

**Please Serve:**

**Jefferson Parish, Louisiana**
Through Parish President – Honorable Cynthia Lee Sheng
Joseph S. Yenni Building
1221 Elmwood Park Blvd., Suite 403
Jefferson, LA 70123

**Jefferson Parish Sheriff Office**
Through Parish President – Honorable Cynthia Lee Sheng
Joseph S. Yenni Building
1221 Elmwood Park Blvd., Suite 403
Jefferson, LA 70123

**Joseph P. Lopinto, III, Sheriff**
At his place of employment
Jefferson Parish Sheriff Office
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, LA 70058

**Chase Maffee**
At his place of employment
Jefferson Parish Sheriff Office
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, LA 70058

**Michael Morrison**
At his place of employment
Jefferson Parish Sheriff Office
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, LA 70058