UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES JUSTICE, ET AL.**               **CIVIL ACTION**

**VERSUS**                                **No. 21-1601**

**JEFFERSON PARISH, ET AL.**              **SECTION I**

### ORDER & REASONS

Pending before the Court is plaintiffs Charles Justice ("Justice") and Travis Williams' ("Williams") (collectively, "plaintiffs") motion[1] for reconsideration of the dismissal of this action without prejudice following plaintiffs' failure to serve their complaint or appear at a call docket hearing on December 15, 2021. For the following reasons, the motion for reconsideration is denied.

### I.

On August 23, 2021, plaintiffs filed this action against the Parish of Jefferson, Jefferson Parish Sheriff Joseph P. Lopinto, III, the Jefferson Parish Sheriff's Office, and other individual deputies employed by the Jefferson Parish Sheriff's Office ("defendants").[2] Amira A. Makke, Esq. ("Makke") represents the plaintiffs.[3] On August 25, 2021, the Clerk of Court issued summonses in this case for all defendants.[4]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1.
[3] The Court's docket sheet lists Makke as "Amira M. Roy." However, in the instant motion and in the initial complaint, Makke signs her name as "Amira A. Makke." *See* R. Doc. No. 1, at 8; R. Doc. No. 8, at 2. Makke does not address this discrepancy.
[4] R. Doc. Nos. 4, 4-1, 4-2, 4-3, & 4-4. No proof of service for these summonses was filed into the record.

No further action occurred until the Court issued an order on November 30, 2021, setting a show cause hearing on December 15, 2021.[5] The November 30th order stated that the defendants would be dismissed "upon failure of the plaintiff to report the status thereof or in the absence of good cause shown why the defendants should remain on the docket."[6] The order further noted that no service had been made on the defendants.[7]

The Court called this case for hearing as scheduled on December 15, 2021.[8] No one appeared on behalf of the plaintiffs.[9] The Court then entered a judgment, dismissing this case without prejudice.[10] The instant motion to reconsider followed the next day, on December 16, 2021.[11] Justice and Williams ask this Court to reconsider the dismissal of this action without prejudice and for the Court to permit an additional fifteen days for the proper service of their complaint.[12]

## II.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss the action without prejudice* against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m) (emphasis added). "If the plaintiff fails to

---

[5] R. Doc. No. 5.
[6] *Id.*
[7] *Id.*
[8] R. Doc. No. 6. The Honorable Barry W. Ashe, United States District Judge, presided at the call docket hearing. *Id.*
[9] *Id.*
[10] R. Doc. No. 7.
[11] R. Doc. No. 8.
[12] *Id.* at 1–2.

show good cause for its failure to effect timely service, dismissal without prejudice is warranted." *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *7 (E.D. La. July 8, 2020) (Feldman, J.) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Pugh v. Bank of Am.*, No. 16-14766, 2017 WL 1427015, at *3 (E.D. La. Apr. 21, 2017) (Milazzo, J.); *Hunter v. Goodwill Indus.*, No. 05-2698, 2006 WL 1968860, at *2 (E.D. La. July 13, 2006) (Vance, J.)).[13]

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). "If the motion [for reconsideration] is filed within twenty-eight days of the judgment, then it falls under Rule 59(e)." *Thompson v. Dep't of the Interior United States*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (Barbier, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Further, because the plaintiffs seek reconsideration of a final judgment dismissing without prejudice all the plaintiffs' claims against all defendants, Rule 59(e) governs. *See, e.g.*, *Edwards*, 2020 WL 3832606, at *11; *Tucker v. Unitech Training Academy, Inc. et al.*, No. 15-7133, 2017 WL 1284183, at *1 (E.D. La. Apr. 6, 2017) (Barbier, J.). A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of

---

[13] "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Thrasher*, 709 F.3d at 511 (internal quotation marks and citations omitted).

3

law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted). "A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly." *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (Vance, J.). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co., v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court has considerable discretion to grant or deny a Rule 59(e) motion. *See id.*

### III.

It was incumbent upon Justice and Williams' counsel, Makke, either to serve the plaintiffs' complaint on the defendants prior to the December 15th call docket hearing, or to attend the hearing and explain her failure to do so. She did neither. Presently, it is incumbent upon Makke to provide some good reason explaining those failures.

Makke represents that she "was in court on December 15, 2021, and received electronic communications that the present matter was dismissed. At no time did [Makke] believe the defendants were not served[.]"[14] However, Makke did not file any executed summons or other proof of service into the record despite the fact that

---

[14] R. Doc. No. 8, at 2. As mentioned, the Court called this case on December 15, 2021, and no one appeared on behalf of the plaintiffs. *See* R. Doc. No. 6. The Court interprets Makke's statement to indicate that she appeared for a separate hearing in another court.

the Clerk of Court issued a summons for each defendant. Makke's contention does not provide good cause for why counsel failed to appear at the hearing.

The Court certainly understands that counsel may have simultaneous hearings scheduled in different courts. But Makke did not file a motion to continue the call docket hearing or otherwise inform the Court of any scheduling conflicts. Further, Makke makes no mention of the November 30th order setting this matter for hearing.[15] The terms of the November 30th order made clear that Makke's presence was required.[16, 17]

Makke does not argue that the Court's dismissal suffered from "manifest errors of law or fact." *Waltman*, 875 F.2d at 473. Because Makke has provided no good cause for her failure to serve the defendants or to appear at the call docket hearing as ordered, the Court declines to reverse its dismissal without prejudice of Justice and Williams' case against the defendants.

---

[15] R. Doc. No. 5. The Court's Case Management / Electronic Case Files system display receipt indicates that a notification of the November 30th order was sent to two different email addresses: "amira@finilawfirm.com," and "natasha@finilawfirm.com." Counsel's signature block on the motion for reconsideration lists her email address as "amira@finilawfirm.com." *See* R. Doc. No. 8, at 2.

[16] Makke also mentions an October 30, 2021 letter from opposing counsel for the defendants. Opposing counsel's letter clearly states: "Please be advised that *once Sheriff Joseph P. Lopinto, III and the two deputies of the Jefferson Parish Sheriff's Office are served in the above referenced matter*, this office will be representing them." *See* R. Doc. No. 8-1, at 1 (emphasis added). Makke therefore received two separate warnings that service had not been achieved on the defendants.

[17] Justice and Williams filed a separate action in Louisiana state court, which was removed here: *Justice et al. v. Lee et al.*, No. 21-1841 (E.D. La.). This Court remanded case No. 21-1841 on December 14, 2021. Makke states in the motion to reconsider that she received notice of the Court's remand order. *See* R. Doc. No. 8, at 2. However, Makke's receipt of that notice in a separate case does not excuse her failure to remain informed of the filings in this case.

**IV.**

Accordingly, for all the reasons stated above,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, December 21, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**